# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| :--- | :--- |
| v. | ) No. 8-227 |
| WOODROW HARRISON III | ) |

## MEMORANDUM ORDER

In this case, Defendant was on parole for a state offense on January 18, 2008, when he was arrested for state charges relating to possession and carrying of a firearm. He was detained, and held in the County jail. Then, in June, 2008, he was federally indicted for the instant offense – possession of a firearm by a convicted felon -- and the state case was nolle prossed. Defendant pleaded guilty. This Court was advised that upon sentencing, Defendant would be turned over to the state Board of Probation and Parole for a violation. He was sentenced in this Court on April 16, 2009, to a term of imprisonment of seventy months. Defendant asserts that thereafter, he remained in local custody on the parole violation, and when that sentence was complete, he was transferred to a federal correctional facility. Presently, he seeks an order stating that the federal sentence will run concurrently, rather than consecutively, to his state term of imprisonment for parole violation. He states that he learned that the sentences were consecutive in May, 2011, when he was transferred to the correctional institute where he is currently housed. Defendant has not stated the rule or statute on which his Motion relies, and time limitations potentially applicable to requests made in this Court have expired.[1] Even had his request been timely, it might not be for this Court to address. See United States v. Gadsden, 412 Fed. Appx. 523 (3d

---

1 For example, 28 U.S.C. § 2255 requires that a habeas petition be filed within one year of the later of, inter alia, the date that the judgment of conviction becomes final. A Motion to correct a sentence pursuant to Fed. R. Civ. P. 35 must be made within fourteen days of sentencing. The present Motion was filed in January, 2012, well outside of these time limitations.

Cir. 2011); United States v. Chiera, No. 5-295, 2012 U.S. Dist. LEXIS 84027 (W.D. Pa. June 18, 2012) ("[n]or has this court found any basis upon which it could designate defendant's federal sentence to run concurrently with his later-imposed state sentences nunc pro tunc…[A]lthough this court does not have the authority to order the requested relief, such a result nevertheless could be effectuated by the Bureau of Prisons.").

AND NOW, this 29th day of August, 2012, Defendant's Motion to Amend is hereby DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose

Donetta W. Ambrose
Senior Judge, U.S. District Court